```
    IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

      MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


CHRISTOPHER HAMPTON and    )
CORTNEY ROLLEY,            )
on behalf of themselves    )
individually, and all      )
others similarly           )     CIVIL ACTION NO.
situated,                  )
                           )       2:20cv742-MHT
     Plaintiffs,           )            (WO)
                           )
     v.                    )
                           )
ULYSSES OLIVER, JR.,       )
et al.,                    )
                           )
     Defendants.           )
```

OPINION AND ORDER

Plaintiffs Christopher Hampton and Cortney Rolley, two inmates in an Alabama Department of Corrections facility, have sued and named as defendants four corrections officers allegedly responsible for a severe beating they suffered. They assert that the corrections officers violated their Fifth, Eighth, and Fourteenth Amendment rights and conspired to coverup that violation. They also bring state claims against the corrections

officers for battery, assault, intentional infliction of emotional distress, and negligence. They seek compensatory damages from the officers.

Hampton and Rolley have also named as a defendant the facility's warden Joseph H. Headley, in his official capacity. They made the broad claim that he violated their "Constitutional rights," Pls.' Compl. (Doc. 1) at ¶ 105, and they sought only injunctive relief from him. Jefferey Baldwin replaced Headley as the warden at the facility and was substituted for Headley in this litigation.

Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

This litigation is before the court on Warden Baldwin's partial motion to dismiss as to injunctive relief. For the reasons set forth below, the motion will be granted.

## I. LEGAL STANDARD

While the parties reference subpart (b)(6) of Federal Rule of Civil Procedure 12, it is clear that the subject-matter jurisdiction issue should be addressed under subpart (b)(1) of Rule 12. Subpart (b)(1) permits a defendant to move to dismiss a complaint for lack of subject-matter jurisdiction.

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2002). Therefore, one of a court's first duties is to determine whether it has subject-matter jurisdiction. *See Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1322 (11th Cir. 2017) (Tjoflat, J., concurring).

3

Parties may assert lack of subject matter jurisdiction through either a "facial attack" on the pleadings or a "factual attack." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) (per curiam). "Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint." *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). "When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true." *Id.* A factual attack, however, permits "the trial court [to] proceed as it never could under 12(b)(6)." *Lawrence*, 919 F.2d at 1529 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981), *cert denied*, 454 U.S. 897 (1981)). The court is permitted to undertake its own investigation and look beyond the pleadings and review or accept any evidence submitted by the parties. *Id.*

Here, Warden Baldwin's dismissal motion may be resolved on the pleadings, as with a facial attack.

4

## II. BACKGROUND

The allegations in Hampton and Rolley's complaint are as follows.

In or around February 2019, Hampton and Rolley were incarcerated at the Elmore Correctional Facility when they were severely beaten by one correctional officer in the presence of three other correctional officers.  More specifically, Hampton and Rolley each allege that one correctional officer repeatedly kicked and punched them while they were handcuffed, and that none of the other three correctional officers who witnessed the beatings made any attempt to intervene.  Hampton and Rolley say they suffered broken bones, required stitches, and were hospitalized.  They further alleged that the correctional officers threatened them with further violence is they refused to misrepresent the events in an affidavit.

Hampton and Rolley filed this lawsuit in September 2020.  They sued the four corrections officers and the warden of the Elmore Correctional Facility.  With regard

to the warden, they asserted that he "had a duty to implement policies that would protect the inmates under [his] care and supervision from abuse, neglect or other harm at the hands of the correctional officers [he} employed"; that he "breached these duties by failing to implement and/or enforce such policies"; and that, "[a]s a direct and proximate result of the breaches of duty alleged herein, both Plaintiffs suffered serious and painful physical injuries and emotional distress." Pls.' Compl. (Doc. 1) at ¶¶ 102-104

## III. DISCUSSION

In his motion to dismiss, Warden Baldwin argues that the court lacks subject-matter jurisdiction over Hampton and Rolley's complaint to the extent they seek injunctive relief from him, because the two inmates are no longer incarcerated at the correctional facility where they were allegedly beaten and where he is the warden. His subject-matter jurisdiction argument is at times

confusing, for it seems to conflate the two concepts of standing and mootness.

"The standing inquiry asks whether such a dispute exists at the <u>beginning</u> of the litigation, as compared to the mootness inquiry, which asks whether such a dispute <u>remains</u> throughout the litigation." *Dunn v. Dunn*, 148 F. Supp. 3d 1329, 1334 (M.D. Ala. Oct. 6, 2015) (Thompson, J.) (emphasis in original) (citing *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1275 (11th Cir. 2003)). As explained above, Hampton and Rolley's claims stem from injuries they received during their incarceration at the Elmore Correctional Facility where Baldwin was warden. In order to receive injunctive relief, they would need to show that they would likely be subject to unlawful conduct in a similar matter by the same actor in the future, here Warden Baldwin. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 104-06 (1983).

Here, taking all allegations in the complaint as true, Hampton and Rolley have not shown this likelihood. They acknowledged in their complaint that they were no longer incarcerated at the Elmore Correctional Facility at the beginning of the litigation. *See* Pls.' Compl. (Doc. 1) at ¶ 22 ("Plaintiffs Christopher Hampton and Cortney Rolley are former inmates at Elmore."). In fact, the complaint alleges that they were incarcerated at a different corrections facility at the start of the litigation. *See id.* at ¶ 23. Moreover, there is nothing in the complaint reflecting that they will likely be returned to the Elmore Correctional Facility. Hampton and Rolley cannot simply rely on a past injury to obtain prospective injunctive relief that has no foreseeable likelihood of recurring. *See Russell v. United States*, 845 Fed. Appx. 818, 821 (11th Cir. 2021) (per curiam). The fact Hampton and Rolley pleaded facts that alleged they were harmed at the Elmore Correctional Facility, without more, would only establish a live controversy for

8

money damages.  *See Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  Depending on whether the transfer or release happens before or after the start of the litigation, the general rule is that the prisoner either lacks standing to bring a claim for declaratory and injunctive relief or their claim becomes moot upon his change in status.  *See McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from jail moots his individual claim for declaratory and injunctive relief."); *Holland v. Purdy*, 457 F.2d 802, 802-03 (5th Cir. 1972)* (remanding with instructions to dismiss the prisoners declaratory and injunctive claims because the prisoner had been transferred to another jail prior to the filing of his pleadings).

---

    * In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Warden Baldwin also argued that the court lacks subject-matter jurisdiction to award injunctive relief because the correctional officers responsible for Hampton's and Rolley's beating are no longer employees of the Alabama Department of Corrections. He further argues that the injunctive relief sought should be dismissed because it would be duplicative of the relief sought by the United States Department of Justice in a separate suit against the Alabama Department of Corrections. *See United States of America v. the State of Alabama*, 2:20-CV-01971-RDP (N.D. Ala. 2020). The court need not reach these arguments.

The court, therefore, holds that Hampton and Rolley lack standing to pursue their request for injunctive relief from Warden Baldwin.

***

For the foregoing reasons, it is ORDERED that defendant Jefferey Baldwin's partial motion to dismiss (Doc. 64) is granted, and plaintiffs Christopher Hampton

and Cortney Rolley's request for injunctive relief from defendant Baldwin is dismissed.

The court is unsure whether defendant Baldwin should now be dismissed.  If he believes he should be, he should file a motion asking for such.

DONE, this the 31st day of March, 2022.

>    /s/ Myron H. Thompson
>    **UNITED STATES DISTRICT JUDGE**