IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
CHRISTOPHER HAMPTON and      )
CORTNEY ROLLEY,              )
on behalf of themselves      )
individually, and all        )
others similarly-situated,   )      CIVIL ACTION NO.
                             )        2:20cv742-MHT
      Plaintiffs,            )           (WO)
                             )
      v.                     )
                             )
ULYSSES OLIVER, JR.,         )
et al.,                      )
                             )
      Defendants.            )
```

OPINION AND ORDER

Pursuant to 42 U.S.C. § 1983 and state law,
plaintiffs Christopher Hampton and Cortney Rolley, two
prisoners in an Alabama Department of Corrections
(ADOC) facility, brought this lawsuit contending that a
correctional officer severely beat them while other
officers stood by and did nothing.  They name as
defendants former correctional officers Leon Troy
Williams, Willie M. Burks, Ulysses Oliver, Jr., and
Bryanna Nicole Mosley.  The plaintiffs assert that the

defendants violated their Fifth, Eighth, and Fourteenth Amendment rights and conspired to cover up that violation. They also bring state-law claims against the defendants for battery, assault, outrage, and negligence. Jurisdiction is proper under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367(a) (supplemental jurisdiction).[1]

Now before the court is Hampton and Rolley's motion for partial summary judgment on only liability against all defendants. The defendants did not respond to the motion. For the following reasons, the motion will be granted in part and denied in part.

---

1. The complaint (Doc. 1) is labelled as a class-action complaint. However, the plaintiffs have not moved for class certification. Moreover, the complaint named as defendants the Alabama Department of Corrections and the Warden of the Elmore Correctional Facility as defendants, and sought injunctive relief against them. Both of these defendants and the claim for injunctive relief have been dismissed from the case. *See* Judgment (Doc. 38); Opinion and Order (Doc. 77); Judgment (Doc. 85).

## I. SUMMARY-JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether a genuine factual dispute exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In general, summary judgment is appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.*

When the party moving for summary judgment "has the burden of proof at trial, that party must show ... that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop. in Greene &*

*Tuscaloosa Ctys. in State of Ala.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citations omitted).

## II. FACTUAL BACKGROUND

The defendants in this case were prosecuted and convicted in federal court for the incident at issue in this case. The following facts are drawn from the indictments of all four defendants; Williams, Oliver, and Mosley's plea agreements, each of which contains a detailed summary of the facts underlying the pleas, and which were signed by the relevant defendant under penalty of perjury; and the judgment entered against defendant Burks after he was convicted at trial.

On February 16, 2019, defendant Williams was a correctional officer working at the Elmore Correctional Facility in Alabama. He saw Hampton and Rolley jump a fence at the prison's visitation area and retrieve a packet of what he suspected was contraband. Williams brought Hampton and Rolley to the shift office, where

defendant Oliver, who was a correctional sergeant at Elmore, defendant Mosley, who was a correctional officer, and defendant Burks, a lieutenant, were present.  Williams told his colleagues what he had seen the plaintiffs do, and Burks handcuffed the inmates.

Mosley, Williams, and Oliver left the office to watch a surveillance video of the incident.  Hampton and Rolley were placed in an observation room across the hallway from the shift office.

After watching the video, Oliver became irate, and the three officers returned to the shift office. Oliver got the key to the observation room and entered. Hampton and Rolley were sitting quietly on a bed, handcuffed behind their backs.  Oliver then pulled Rolley off the bed and into the hallway without any legitimate reason.  He shoved Rolley against the wall, knocked him to the floor, and struck him repeatedly with his fists and feet.  He then pulled out a collapsible baton and beat Rolley about 19 times all

5

over his head and body; as a result, Rolley defecated on himself.  Throughout the beating, Rolley did not resist or act out and posed no threat.

After assaulting Rolley, Oliver went back into the observation room and pulled Hampton into the hallway. He then shoved Hampton into the wall and struck him repeatedly with the baton on his legs, back, and head. Hampton slid to the floor.  Oliver continued hitting him with the baton on the arms, legs, and abdomen, and kicked him as he lay on the floor.  Hampton did not resist or act out, and he posed no threat.

Oliver then slapped Rolley on the back of the head and ordered him and Hampton to stand up.  When they stood up, Oliver shoved Rolley by the back of the neck. Both inmates walked back into the observation room, where Burks removed their handcuffs.  The inmates did not resist or act out and posed no threat.  As Burks stood by, Oliver shoved the tip of his baton into Hampton's face under his left eye, lacerating his skin.

As a result of the beating, Hampton and Rolley suffered physical pain, bruises, and lacerations.

The beatings were contrary to ADOC policy. Oliver knew that his use of force was not justified and was not applied in a good-faith effort to further a legitimate purpose.

Williams, Burks, and Mosley watched and heard Oliver beating Hampton and Rolley either in the hallway or through the doorway or window of the shift office and did not attempt to intervene verbally or physically despite having the opportunity and ability to do so, and despite being required to do so under ADOC policy and training. Defendant Burks, the highest ranked officer on the scene, stated, "It's fair" as he watched Oliver assault Hampton, which Williams heard and took as a cue that Burks approved the beating. Williams Plea Agreement (Doc. 88-3) at 8-9.

Williams and Mosley did not report the assault to their superiors as they were required to do under ADOC

policy.   Oliver, Williams, and Mosley filed written reports containing false and/or incomplete statements about the assault.   Williams falsely reported that he told Oliver to stop assaulting the inmates.   Oliver falsely reported that he struck the inmates only in their leg area with his baton, omitting that he struck them on their heads, backs, and abdomens, and that he punched, kicked, and/or shoved them.   Oliver also falsely reported that Burks told him to stop.   Mosley incompletely and falsely described the incident as "a scuffle," when she knew it was a beating.   Mosley Plea Agreement (Doc. 88-7) at 10-11.

In April 2019, Oliver pleaded guilty to two counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242.   In so doing, he admitted that, while acting under color of law, he willfully deprived Hampton and Rolley of a right secured and protected by the Constitution and laws of the United States, namely the right to be free from cruel and

8

unusual punishment, and that the offense resulted in bodily injury to the victim and involved the use of a dangerous weapon. *See United States of America v. Ulysses Oliver, Jr.*, 2:19cr127-MHT (M.D. Ala.).

In May 2019, Mosley pleaded guilty to an indictment charging her with two counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, admitting that she, while acting under color of law, willfully deprived Hampton and Rolley of the right to be free from cruel and unusual punishment by failing to intervene to stop Oliver from physically assaulting Hampton and Rolley. *See United States of America v. Bryanna Nicole Mosley*, 2:19cr183-SMD (M.D. Ala.).

In July 2019, Williams pleaded guilty to an indictment charging him with two counts of deprivation of rights under color of law, in violation of 18 U.S.C. § 242, admitting that he, while acting under color of law, willfully deprived Hampton and Rolley of the right to be free from cruel and unusual punishment by failing

to intervene to stop Oliver from physically assaulting Hampton and Rolley. *See United States of America v. Leon Troy Williams*, 2:19cr292-SMD (M.D. Ala.).

In July 2021, Burks was convicted by a jury of one count of deprivation of civil rights in violation of 18 U.S.C. § 242, for standing by and failing to intervene despite having the opportunity to do so while Oliver, an officer under his supervision, repeatedly struck and kicked Hampton while the inmate was handcuffed, compliant, and not posing a threat to anyone, resulting in bodily injury to Hampton and involving the use of a dangerous weapon, a baton. *See* Burks Indictment (Doc. 88-9); Burks Criminal Judgment (Doc. 88-10); *see also United States of America v. Willie M. Burks, III*, 2:19cr344-MHT (M.D. Ala.). The conviction was affirmed on appeal. *See United States v. Burks*, No. 22-10566, 2023 WL 6389314 (11th Cir. Sept. 29, 2023).


### III. DISCUSSION


10

Hampton and Rolley move for partial summary judgment as to liability only on all claims. The court will address each claim in turn.

## A. Section 1983 Claim for
### Violation of Eighth Amendment Rights

Hampton and Rolley move for summary judgment against all defendants on their Section 1983 claim for violation of their Eighth Amendment right to be free from cruel and unusual punishment. The plaintiffs contend that there is no dispute of material fact and that they are entitled to judgment as a matter of law on this claim based on the doctrine of collateral estoppel. The court agrees.

Under the doctrine of collateral estoppel, a litigant can be precluded from relitigating an issue that was resolved in a prior proceeding to which the litigant was a party. *See generally Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979). Hampton and Rolley seek to use collateral estoppel offensively, that is,

11

to prevent the defendants from relitigating the issue of whether they violated the plaintiffs' rights to be free of cruel and unusual punishment. "In *Parklane Hosiery Co. v. Shore*, ... the Supreme Court granted federal trial courts broad discretion to permit the offensive use of collateral estoppel, indicating, however, that the exercise of this discretion is circumscribed by considerations of fairness to the defendant in foreclosing relitigation of an issue." *Williams v. Bennett*, 689 F.2d 1370, 1382 (11th Cir. 1982) (citing *Parklane Hosiery*, 439 U.S. at 331-32) (footnote omitted). As the defendants here had a strong "incentive to litigate the issue vigorously in the prior proceeding [and] ... a full and fair opportunity to litigate it," *id.* (citing *Parklane Hosiery*, 439 U.S. at 332), and the plaintiffs here could not "easily have joined in" the prior criminal case, *see Parklane Hosiery*, 439 U.S. at 332, the court

sees no reason to prevent the use of collateral estoppel here.

Hampton and Rolley seek to hold the defendants liable pursuant to 42 U.S.C. § 1983 for violating their right to be free of cruel and unusual punishment. Oliver, Williams, Mosley each pleaded guilty to the criminal offense of violating that right. Oliver was convicted of violating that right by his use of excessive force against both plaintiffs; Williams and Mosley were convicted of violating that right by failing to intervene in Oliver's use of excessive force. These defendants are estopped from relitigating whether they violated the plaintiffs' rights in those ways, and in any case, they do not oppose summary judgment here. As to these three defendants, Hampton and Rolley have shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" as to Count I. Fed. R. Civ. P. 56.

13

Hampton and Rolley also seek to preclude Burks from relitigating the issue of his liability for violating their rights against cruel and unusual punishment. However, Burks' situation is somewhat different than the other defendants.  For unknown reasons, he was indicted for violating the rights of only Hampton, not Rolley. *See* Burks Indictment (Doc. 88-9) at 1.  Burks was convicted of violating Hampton's right not to be subjected to cruel and unusual punishment by failing to intervene while Oliver used excessive force against Hampton. *See id.*; Burks Judgment (Doc. 88-10) at 1. Under the doctrine of collateral estoppel, the question whether Burks violated Hampton's right against cruel and unusual punishment cannot be relitigated.  Hampton has shown that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" as to this Section 1983 claim against defendant Burks.  Fed. R. Civ. P. 56.

The court further finds that Rolley is entitled to judgment against Burks on this Section 1983 claim. Rolley seeks to hold Burks liable for violating his right against cruel and unusual punishment by failing to intervene in Oliver's beating of him. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ...: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "[I]t is clear that '[i]f ... [an] officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (quoting *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986)); *see also Priester v. City of Riviera Beach, Fla.*, 208

F.3d 919, 924 (11th Cir. 2000) ("[A]n officer can be liable for failing to intervene when another officer uses excessive force. ... This liability ... only arises when the officer is in a position to intervene and fails to do so." (citations omitted)).

Based on the earlier-discussed facts sworn to by defendants Oliver, Williams, and Mosley in their plea agreements, it is indisputable that Oliver maliciously and sadistically beat Rolley and that his use of force was not a good-faith effort to maintain or restore discipline; and that Burks saw this unprovoked, unnecessary beating, and despite having the ability and opportunity to intervene, and observing that Rolley was not resisting, declined to intervene to protect Rolley. In short, there is no genuine dispute that Burks violated Rolley's right to be free of cruel and unusual punishment, and Rolley is entitled to judgment against Burks as a matter of law on this count.

The motion for summary judgment will be granted as to all defendants on this claim.

### B. Section 1983 Conspiracy Claim

Hampton and Rolley move for summary judgment against defendants Williams, Oliver, and Mosley on their claim that the defendants conspired to conceal the violation of the plaintiffs' right to be free from cruel and unusual punishment. For the reasons below, the court will deny summary judgment on this claim.

"To prevail on a § 1983 conspiracy claim a plaintiff must show that an agreement between two or more people ... to violate his constitutional rights resulted in an actual violation of those rights." *Am. Fed'n of Lab. & Cong. of Indus. Organizations v. City of Miami, FL*, 637 F.3d 1178, 1191 (11th Cir. 2011) (citing *Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010)). "A plaintiff claiming a § 1983 conspiracy must prove the defendants 'reached an

understanding' to violate the plaintiff's constitutional rights." *Grider*, 618 F.3d at 1260 (quoting *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.,* 956 F.2d 1112, 1122 (11th Cir. 1992) ("[T]he linchpin for conspiracy is agreement.")); *see also Bendiburg v. Dempsey*, 909 F.2d 463, 468 (11th Cir. 1990) ("The plaintiff attempting to prove such a conspiracy must show that the parties 'reached an understanding' to deny the plaintiff his or her rights."). A conspiracy's existence may be proven by circumstantial evidence. *Grider*, 618 F.3d at 1260.

Hampton and Rolley argue that the court should grant summary judgment on the conspiracy claim against Williams, Oliver, and Mosley because they all swore in their plea agreements that they provided false statements about the beating of the plaintiffs. The plaintiffs contend that this testimony definitively establishes that these defendants conspired to violate their rights under the Eighth and Fifth Amendments, as

18

applied to the States through the Fourteenth Amendment. The plaintiffs further argue that Williams, Oliver, and Mosley should be collaterally estopped from relitigating the issue of whether they conspired to violate the plaintiffs' rights.

The court sees several problems with the plaintiffs' arguments. First, collateral estoppel does not apply to the issue of conspiracy because whether the defendants conspired with each other was not at issue in the prior criminal litigation. The defendants were not charged with or convicted of conspiracy. Moreover, because conspiracy was not charged in their indictments, the defendants did not have "a full and fair opportunity to litigate" whether they engaged in conspiracy. *Williams*, 689 F.2d at 1382 (citing *Parklane Hosiery*, 439 U.S. at 331-32). Given these circumstances, application of collateral estoppel to the issue of conspiracy would be improper.

Second, while the undisputed evidence establishes that Williams, Oliver, and Mosley each gave false and misleading statements about the beating of Hampton and Rolley, that does not establish as a matter of law that they reached *an agreement* to violate the plaintiffs' rights by doing so.   Instead, the defendants' admissions that they gave misleading statements constitute circumstantial evidence that they conspired to conceal the prior violation of the plaintiffs' rights.   A reasonable jury hearing that evidence might conclude that the defendants conspired to hide what happened, but could also conclude that they each acted independently to cover their own hides.

Third, even if the evidence incontrovertibly proved that the defendants reached an agreement to conceal the violation of the plaintiffs' Eighth Amendment rights, an agreement to conceal a prior Eighth Amendment violation is not necessarily equivalent to a conspiracy to violate the Eighth Amendment.   The central question

in an Eighth Amendment case is whether a defendant's actions subjected the plaintiff to cruel and unusual punishment. The court is unaware of any caselaw, and the plaintiffs have not cited any, holding that the act of covering up a beating constitutes cruel and unusual punishment in and of itself.[2]  For this reason, Hampton and Rolley have failed to demonstrate that they are entitled to judgment as a matter of law on their conspiracy claim.

Finally, to the extent that the plaintiffs' conspiracy claim could be read as pleading a conspiracy to violate their Eighth Amendment rights during the

_____

2. In Count III of their complaint, Hampton and Rolley pleaded a conspiracy to violate not only their Eighth Amendment rights, but also their rights under the Fifth and Fourteenth Amendments to the U.S. Constitution. *See* Complaint (Doc. 1), paras. 107-113. They also mention equal protection in that count. *Id.* at 113. In their motion for summary judgment, they argue only that the defendants should be held liable for a conspiracy to violate their Eighth Amendment rights. As they do not mention the Fifth or Fourteenth Amendments in their motion for summary judgment, the court will not address a possible violation of their Fifth or Fourteenth Amendment rights.

beating--as opposed to a conspiracy to conceal the beating--the evidence does not establish an entitlement to summary judgment. The undisputed evidence shows that after viewing the video, Oliver became enraged and beat Rolley, then Hampton, while the other defendants stood by watching. While a reasonable jury might find based on the evidence that two or more of the defendants reached an agreement to violate the plaintiffs' rights, a reasonable jury could also conclude that there was no "meeting of the minds" between the defendants, *i.e.*, that each defendant made his or her own decision as to how to act in the moment. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158 (1970).

As the plaintiffs have failed to show entitlement to judgment as a matter of law or that "no reasonable jury could find for the nonmoving party" on their conspiracy claim, the court will deny summary judgment on the Section 1983 conspiracy claim. *Four Parcels of*

*Real Prop. in Greene & Tuscaloosa Ctys. in State of Ala.*, 941 F.2d at 1438.

## C. Battery

Hampton and Rolley seek summary judgment against defendant Oliver on their claim of battery under Alabama law. "To succeed on a claim alleging battery, a plaintiff must establish: (1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive manner." *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d 1190, 1193 (Ala. 1998) (citing *Surrency v. Harbison*, 489 So.2d 1097, 1104 (Ala. 1986); *Restatement (Second) of Torts* § 18 (1965)). The undisputed evidence in the record establishes that Oliver repeatedly hit both plaintiffs with a baton and shoved, punched, and/or kicked them, knowing that there was no legitimate justification for doing so. The record further establishes that this

23

hitting and kicking physically injured the plaintiffs. No reasonable jury could find for defendant Oliver on this record. Accordingly, the court will grant summary judgment on the claim of battery.

### D. Assault

Hampton and Rolley seek summary judgment against all defendants on their claim of assault under Alabama law. To prove an assault, the plaintiffs must show "'an intentional, unlawful offer to touch the person of another in a rude or angry manner under such circumstances as to create in the mind of the party alleging the assault a wellfounded fear of an imminent battery, coupled with the apparent present ability to effectuate the attempt, if not prevented.'" *Wright v. Wright*, 654 So. 2d 542, 544 (Ala. 1995) (quoting *Allen v. Walker*, 569 So. 2d 350, 351 (Ala. 1990) (addl. citations omitted)); *see also id.* ("A successful assault becomes a battery, which consists of the

touching of another in a hostile manner.") (citations omitted).

Hampton and Rolley have submitted undisputed evidence establishing that Oliver, in approaching them immediately before hitting, kicking, and shoving them, made an intentional, unlawful attempt to touch the plaintiffs in a rude or angry manner in circumstances that made the plaintiffs fear an impending battery--as Oliver was irate when he approached them and, in Hampton's case, he had just beaten Rolley--and that Oliver had the apparent ability to commit a battery if not stopped by the other officers present.   As no reasonable jury could rule for Oliver on this claim, the court will grant summary judgment on this claim against him.

The plaintiffs argue that the other defendants are also liable for assault because they witnessed the assault and did nothing to prevent or stop it.   They offer no legal authority in support of this argument.

While it may be that the other defendants could be held liable for assault because they failed to stop Oliver, the plaintiffs have failed to demonstrate that they are entitled to judgment as a matter of law against Williams, Mosley, and Burks on this issue, so summary judgment will be denied as to those three defendants on the assault claim.

### E. Outrage

Hampton and Rolley argue that they are entitled to summary judgment against all four defendants on their claim of outrage.  As the plaintiffs have failed to present evidence of each element of the claim or to show that no reasonable jury could rule for the defendants on this claim, the court will deny the motion as to the outrage claim.

Defining the tort of outrage, the Alabama Supreme Court explained,

> "[O]ne who by extreme and outrageous conduct intentionally or recklessly causes severe

26

> emotional distress to another is subject to
> liability for such emotional distress and for
> bodily harm resulting from the distress. The
> emotional distress thereunder must be so severe
> that no reasonable person could be expected to
> endure it. Any recovery must be reasonable and
> justified under the circumstances, liability
> ensuing only when the conduct is extreme.
> Comment, Restatement [(Second) of Torts § 46],
> at 78 [(1948)]. By extreme we refer to conduct
> so outrageous in character and so extreme in
> degree as to go beyond all possible bounds of
> decency, and to be regarded as atrocious and
> utterly intolerable in a civilized society.
> Comment (d), Restatement, supra at 72."

*Little v. Robinson*, 72 So. 3d 1168, 1172 (Ala. 2011)
(quoting *American Road Service Co. v. Inmon*, 394 So. 2d
361, 365 (Ala. 1980)). "The tort of outrage is an
extremely limited cause of action," *id.* (quoting *Potts
v. Hayes,* 771 So. 2d 462, 465 (Ala. 2000)), and the
Alabama courts have recognized a claim for outrage in
very few circumstances, *see id.* at 1172-1173
(discussing cases). The claim "is viable only when
the conduct is 'so outrageous in character and so
extreme in degree as to go beyond all possible bounds
of decency, and to be regarded as atrocious and utterly

intolerable in a civilized society.'" *Id.* at 1172 (quoting *Horne v. TGM Assocs., L.P.*, 56 So. 3d 615, 631 (Ala. 2010) (internal quotation marks omitted).

To succeed on an outrage claim, a plaintiff "must demonstrate that the defendant's conduct (1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 44 (Ala. 1990) (citations omitted).

Because the tort of outrage is so limited, it is not clear whether the Alabama courts would recognize a claim for outrage under the circumstances present here. However, this court need not decide resolve issue. Assuming that outrage is a viable claim for a violent beating such as the one at issue here, the court cannot grant summary judgment on the outrage claim on the current record. The plaintiffs have failed to present evidence that compels a finding that the defendants'

28

actions caused emotional distress so severe that no reasonable person could be expected to endure it.  The evidence submitted in support of the summary-judgment motion proves that the plaintiffs were injured, but does not describe the level of emotional distress they experienced.  Accordingly, the motion for summary judgment will be denied on the outrage claim.


### F. Negligence

Hampton and Rolley argue that they are entitled to summary judgment on their claim of negligence against defendants Williams and Mosley.  "To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a legal duty, that the defendant breached that duty, that the plaintiff suffered a loss or injury, that the defendant's breach was an actual cause of the injury, and that the defendant's breach was a proximate cause of the injury."  *Haddan v. Norfolk S. Ry. Co.*, 367 So. 3d

1067, 1072 (Ala. 2022), *reh'g denied* (May 6, 2022) (citing *QORE, Inc. v. Bradford Bldg. Co.*, 25 So. 3d 1116, 1124 (Ala. 2009)).

Williams and Mosley admitted in their sworn plea agreements that they had a duty to intervene in Oliver's unprovoked attack on the plaintiffs, and that they breached that duty by doing nothing when they had the ability to intervene.  The undisputed evidence also establishes that both plaintiffs suffered injuries in Oliver's attack, and that Williams and Mosley's failure to intervene was *an* actual cause of the plaintiffs' injuries, albeit not the only cause of the injuries.

That leaves only the issue of proximate cause.  For a breach of duty to be a proximate cause of injury, such "injury must be a natural and probable consequence of the negligent act or omission which an ordinarily prudent person ought reasonably to foresee would result in injury." *Vines v. Plantation Motor Lodge*, 336 So. 2d 1338, 1339 (Ala. 1976).  "If the injury results from

30

an independent intervening, efficient cause, not reasonably foreseeable, the original negligent act or omission is not the proximate cause of injury." *Id.* Here, it is beyond dispute that an ordinary and prudent person would have foreseen that failing to intervene in Oliver's attack would result in injury to the plaintiffs, and there was no independent intervening cause of the injury that was not reasonably foreseeable.

In sum, no reasonable jury could rule against the plaintiffs on the negligence claim against Williams and Mosley. The court will grant summary judgment on this claim.

***

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiffs Christopher Hampton and Cortney Rolley's motion for partial summary judgment (Doc. 88) is granted in part and denied in part as follows.

31

(1) The motion is granted as to the plaintiffs Hampton's and Rolley's claims pursuant to 42 U.S.C. § 1983 against defendants Ulysses Oliver, Jr., Leon Troy Williams, Willie M. Burks, and Bryanna Nicole Mosley, for violation of the Eighth Amendment right against cruel and unusual punishment, to the extent that the court finds these defendants liable for the violation.

(2) The motion is granted as to the plaintiffs Hampton's and Rolley's claims against defendant Oliver for battery and for assault to the extent that the court finds defendant Oliver liable for these torts.

(3) The motion is granted as to the plaintiffs Hampton's and Rolley's claims against defendants Williams and Mosley for negligence to the extent that the court finds them liable for negligence.

(4) The motion is otherwise denied.

DONE, this the 29th day of March, 2024.

                    /s/ Myron H. Thompson
                    UNITED STATES DISTRICT JUDGE